**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4057**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JANICE MARIE WHITFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00329-D-1)

Submitted: July 11, 2019                          Decided: August 5, 2019

Before NIEMEYER, KING, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janice Marie Whitfield pled guilty pursuant to a plea agreement to theft of Government property in violation of 18 U.S.C. § 641 (2012), and making false statements in violation of 18 U.S.C. § 1001 (2012). In the plea agreement, Whitfield agreed to waive her right to appeal her convictions and sentence. Whitfield received a below-Sentencing Guidelines sentence of three months' imprisonment, three years supervised release, a $200 special assessment, and restitution. Whitfield's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising for the court's consideration whether the below-Guidelines sentence is substantively unreasonable. Although informed of her right to file a pro se supplemental brief, Whitfield has not done so.

The Government has filed a motion to dismiss the appeal on the ground that Whitfield's appeal is barred by the plea agreement's appeal waiver. We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). A defendant validly waives her appeal rights if she agreed to the waiver "knowingly and intelligently." *Id.* "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537

2

(4th Cir. 2012) (internal quotation marks omitted).  Generally, if a court "questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Upon review of the plea agreement, the transcript of the Rule 11 hearing, and Whitfield's failure to assert that the appeal waiver is not valid, we conclude that Whitfield knowingly and voluntarily waived her right to appeal and that her challenge to the below-Guidelines sentence falls squarely within the compass of the appellate waiver. Accordingly, we grant the Government's motion to dismiss in part.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver.  We therefore affirm the remainder of the district court's judgment.  This court requires that counsel inform Whitfield, in writing, of the right to petition the Supreme Court of the United States for further review.  If Whitfield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Whitfield.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3